# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| T.D.J., individually and as Parent and Natural Guardian of M.D.J., a Minor, *Plaintiff* <br><br> v. <br><br> **SCHOOL DISTRICT OF PHILADELPHIA**, *Defendant* | Case No. 2:19-cv-02112-JDW |

## MEMORANDUM

Plaintiff seeks to recover attorneys' fees and costs under the Individuals with Disabilities in Education Act (the "IDEA") and alleges violations of the Americans with Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act (the "Rehab Act"). The School District of Philadelphia (the "District") moves to dismiss Plaintiff's Complaint, arguing both that Plaintiff has not exhausted her claims and that she has not stated plausible claims. The Court will grant the District's motion with respect to Plaintiff's ADA and Rehab Act claims based on conduct that occurred during the 2017-2018 school year, as Plaintiff did not exhaust those claims. However, the Court will deny the remainder of the District's motion.

## I.     FACTUAL BACKGROUND

Plaintiff T.D.J. brought this action individually and on behalf of her twelve-year-old son, M.D.J., who suffers from autism, an intellectual disability, and a seizure disorder. M.D.J. and his mother reside within the boundaries of the District, which is responsible for providing public education and related services to M.D.J.

Plaintiff lodged two complaints against the District related to M.D.J. On January 17, 2018, Plaintiff filed a complaint "due to the District failing to, *inter alia*, assign [M.D.J.] to an appropriate

school; provide necessary one on one assistant; provide necessary information to Parent; denying access to school; and Physical abuse of [M.D.J.] by a one on one aid" (the "January Complaint"). (ECF No. 1 at ¶ 20.) This conduct occurred during the 2017-2018 school year. As a result, M.D.J. "regressed behaviorally, academically, socially, and emotionally …." (*Id.* at ¶ 21.) This complaint was settled with the District, though Plaintiff contends there was a specific carve-out provision for claims for damages under the Rehab Act and the ADA.

Plaintiff filed a second complaint against the District on November 14, 2018 (the "November Complaint"). In the November Complaint, Plaintiff "alleged, *inter alia*, that the District continued to discriminate against [M.D.J.] and deny him a [free appropriate public education ("FAPE")] as they had repeatedly failed to offer services, transportation, and accommodations that were necessary for [M.D.J.] to attend school[,] causing him to continue missing school and regress across all domains." (*Id.* at ¶ 24.) According to Plaintiff, the central dispute of the due process complaint was a denial of appropriate aid and nursing for M.D.J. on the bus and throughout the day. A hearing officer presided over the administrative proceeding and issued a decision in Plaintiff's favor, awarding the relief sought by Plaintiff in the due process complaint including full-time nursing services, alternate transportation arrangements, and compensatory education.

On May 15, 2019, Plaintiff filed the instant lawsuit against the District. In Count I of her Complaint, Plaintiff seeks to recover her attorneys' fees and costs under the IDEA, as the prevailing party in the due process hearing. In Counts II and III, Plaintiff brings claims against the District for denial of FAPE, discrimination, and retaliation, in violation of the ADA and the Rehab Act, respectively. On August 9, 2019, the District moved to dismiss Plaintiff's Complaint in full, and the motion is ripe for disposition.

## II. LEGAL STANDARD

A district court may dismiss a plaintiff's complaint for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The party asserting subject matter jurisdiction bears the burden of establishing its existence. *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) (citation omitted). Challenges to subject matter jurisdiction may be facial or factual. *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) (quotation omitted). "A facial attack 'concerns an alleged pleading deficiency whereas a factual attack concerns the actual failure of [a plaintiff's] claims to comport [factually] with the jurisdictional prerequisites.'" *Id.* (same). When considering a factual attack on jurisdiction, "the court must permit the plaintiff to respond with rebuttal evidence in support of jurisdiction, and the court then decides the jurisdictional issue by weighing the evidence. If there is a dispute of a material fact, the court must conduct a plenary hearing on the contested issues prior to determining jurisdiction." *Id.* (same).

A district court may also dismiss a plaintiff's complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Rather than require detailed pleadings, the "Rules demand only a short and plain statement of the claim showing that the pleader is entitled to relief[.]" *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (quotation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (same). A claim has facial plausibility when the complaint contains factual allegations that permit the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (same). In doing so, the court must "draw on its judicial experience and common sense." *Id.* (same). Under the governing "pleading regime[,]" a court confronted with a 12(b)(6) motion must take three steps. First, it must identify the elements needed to set forth a particular claim. *Id.* at 878 (same). Second,

it should identify conclusory allegations, such as legal conclusions, that are not entitled to the presumption of truth. *Id.* (same). Third, with respect to well-pleaded factual allegations, the court should accept those allegations as true and "determine whether they plausibly give rise to an entitlement to relief." *Id.* (same). The court must "construe those truths in the light most favorable to the plaintiff, and then draw all reasonable inferences from them." *Id.* at 790 (citations omitted).

## III. ANALYSIS

### A. Administrative Exhaustion

Plaintiff must demonstrate that she has exhausted her Rehab Act and ADA claims in addition to her IDEA claim. A State that receives federal funding under the IDEA must make a FAPE available to all children with disabilities. 20 U.S.C. § 1412(a)(1)(A). "The IDEA's administrative procedures test whether a school has met that obligation—and so center on the Act's FAPE requirement." *Fry v. Napoleon Cmty. Sch.*, 137 S. Ct. 743, 754 (2017). Those procedures "provide parents with an avenue to file a complaint and to participate in an impartial due process hearing with respect to 'any matter relating to the identification, evaluation, or educational placement of the[ir] child, or the provision of a [FAPE] to such child....'" *Batchelor v. Rose Tree Media Sch. Dist.*, 759 F.3d 266, 272 (3d Cir. 2014) (quoting 20 U.S.C. § 1412(b)(6)(A)).

Plaintiffs must exhaust the IDEA's administrative process before filing suit in federal court. *Id.* Likewise, "a plaintiff bringing suit under the ADA, the Rehabilitation Act, or similar laws must in certain circumstances—that is, when 'seeking relief that is also available under' the IDEA—first exhaust the IDEA's administrative procedures." *Fry*, 137 S. Ct. at 750; *see also* 20 U.S.C. § 1412(l) ("[B]efore the filing of a civil action under such laws seeking relief that is also available under this subchapter, the procedures under subsections (f) and (g) shall be exhausted to the same extent as would be required had the action been brought under this subchapter."). This

"exhaustion rule hinges on whether a lawsuit seeks relief for the denial of a [FAPE]." *Id.* at 754. If so, the plaintiff cannot escape the exhaustion requirements "merely by bringing her suit under a statute other than the IDEA … . But if, in a suit brought under a different statute, the remedy sought is not for the denial of a FAPE, then exhaustion of the IDEA's procedures is not required." *Id.* Because Plaintiff's Complaint appears to assert two different bases for her Rehab Act and ADA claims, the Court analyzes exhaustion as to each set of alleged facts.

### 1. The January Complaint

The claims in the January Complaint relate to conduct that occurred during the 2017-2018 school year. (ECF No. 1 at ¶¶ 47-49.) The allegations all relate to the identification, evaluation, or educational placement of M.D.J. and/or the provision of a FAPE. Thus, to the extent Plaintiff bases her Rehab Act and ADA claims on this alleged conduct, those claims are subject to the IDEA's administrative exhaustion requirement. *See* 20 U.S.C. § 1415(l). Plaintiff does not dispute that exhaustion is required in order to pursue claims connected to her January Complaint. Instead, she contends that she exhausted these claims "by waiving them through settlement" with the District on May 25, 2018. (ECF No. 14-1 at 6.) However, she offers no analysis to support the notion that settlement of an IDEA claim at the administrative level constitutes exhaustion of the claim. The IDEA does not allow for such an outcome.

The IDEA provides that anyone pursuing a civil lawsuit under the ADA or the Rehab Act and seeking relief that is also available under the IDEA must exhaust "the procedures under [20 U.S.C. §§ 1415](f) and (g) … to the same extent as would be required had the action been brought under the [IDEA]." 20 U.S.C. § 1415(l). Section 1415(f) provides for an impartial due process hearing, and Section 1415(g) provides for an administrative appeal from the results of the due process hearing. In order to bring a civil lawsuit under the IDEA, a party must demonstrate that it

is "aggrieved by the findings and decision made under subsection (f) or (k) …." 20 U.S.C. § 1415(i)(2)(A). This statutory language demonstrates that a plaintiff must see the administrative hearing through to the end and cannot exhaust her claims by compromising them because a plaintiff that settles her claim is not aggrieved by any findings or decision. The IDEA further demonstrates that it requires a completed administrative hearing when it provides that the party bringing a civil action "shall have 90 days from the date of the decision of the hearing officer to bring such an action." 20 U.S.C. § 1415(i)(2)(B). Of course, when the parties settle, there is no decision of the hearing officer. Thus, this section demonstrates that Congress intended to permit civil actions only after a ruling in an administrative proceeding.

Although the Third Circuit does not appear to have ruled on this particular issue, other courts have held that the settlement of IDEA and related claims does not constitute administrative exhaustion. *See Wellman v. Butler Area Sch. Dist.*, No. 13-cv-616, 2015 WL 5156920, at *5 (W.D. Pa. Sept. 2, 2015) ("[T]he Settlement and Release Agreement does not evince an exhaustion of remedies sufficient to permit suit in federal court under 20 U.S.C. § 1415(i)(2)(A)."), *vacated and remanded on other grounds*, 877 F.3d 125 (3d Cir. 2017). Just this year, the Eighth Circuit held that "exhaustion requires the entry of administrative findings and a decision. A pre-decision settlement thus fails to satisfy the IDEA's requirements." *Albright as Next Friend of Doe v. Mountain Home Sch. Dist.*, 926 F.3d 942, 952 (8th Cir. 2019). In reaching this conclusion, the Court of Appeals followed a decision of the Tenth Circuit authored by then-Judge Gorsuch, in which the Tenth Circuit held that settlement of an IDEA claim after mediation did not constitute administrative exhaustion of IDEA and related claims. *See A.F. ex rel Christine B. v. Espanola Pub. Sch.*, 801 F.3d 1245 (10th Cir. 2015) (Gorsuch, J.). Thus, Plaintiff's Rehab Act and ADA claims regarding the District's alleged failures to assign M.D.J. to an appropriate school, provide

a one-on-one assistant and necessary information, and the alleged denial of M.D.J.'s access to school have not been exhausted as required before filing the instant suit.

The same is true with respect to Plaintiff's allegation of physical abuse of M.D.J. by a one-on-one aid. The Court notes there is some support for the proposition that "allegations more akin to pure personal injury claims that just happen to occur to a student who is eligible under the IDEA need not be exhausted." *Wellman*, 2015 WL 5156920 at *4 (citations omitted); *see also Doe by & through Doe v. E. Irondequoit Cent. Sch. Dist.*, No. 16-CV-6594 (CJS), 2018 WL 2100605, at *8 (W.D.N.Y. May 7, 2018) (collecting cases in which the courts held that exhaustion was not required for claims of physical assault against a student with an educational disability). However, the Court has identified only one case from within the Third Circuit that refused to apply the exhaustion requirement to a disabled student's claims arising from a series of sexual assaults on a school bus. In doing so, the court emphasized that the assault did not cause educational harm to the student. *See M.C. ex rel. R.C. v. Perkiomen Valley Sch. Dist.*, No. 14-cv-5707, 2015 WL 2231915, at *1, *6-7 (E.D. Pa. May 11, 2015). Here, on the other hand, Plaintiff alleges that "[M.D.J.] regressed behaviorally, **academically**, socially, and emotionally due to these failures and discrimination." (ECF No. 1 ¶ 21 (emphasis added).) Thus, this case differs from *M.C.* in that the IDEA could provide at least some remedy. Plaintiff's allegations of physical abuse, which resulted in educational harm to M.D.J., are therefore subject to the exhaustion requirement. *See Davis v. Ne. Educ. Intermediate Unit 19 (NEIU)*, No. 15-cv-1986, 2016 WL 5462067, at *8-9, n.5 (M.D. Pa. Sept. 29, 2016).

Because Plaintiff has not exhausted these claims, the Court lacks jurisdiction to consider them. *See Wellman v. Butler Area Sch. Dist.*, 877 F.3d 125, 130 (3d Cir. 2017) (expressing doubts as to whether IDEA exhaustion is a jurisdictional requirement but noting that the Court is bound

7

by precedent holding that exhaustion of administrative process is required for a district court to exercise subject matter jurisdiction). Thus, the Court will dismiss the claims that arise from the January Complaint. Furthermore, because the Court lacks subject matter jurisdiction over these claims, the Court will not consider the merits of the District's alternative argument that these claims were resolved by the settlement agreement between Plaintiff and the District (ECF No. 10-1 at 11-13; No. 17 at 6-9). *See In re Corestates Tr. Fee Litig.*, 837 F. Supp. 104, 105 (E.D. Pa. 1993) ("[T]he court should consider the 12(b)(1) challenge first because if it must dismiss the complaint for lack of subject matter jurisdiction, all other defenses and objections become moot."), *aff'd*, 39 F.3d 61 (3d Cir. 1994).

### 2. The November Complaint

According to Plaintiff, "[t]he central dispute of the second matter [*i.e.*, the November Complaint] (was a denial of appropriate aid and nursing on bussing and throughout the day" to meet M.D.J.'s needs. (ECF No. 1 ¶ 24.) The parties litigated this matter through the IDEA's administrative process. On January 1, 2019, the assigned hearing officer issued a decision in favor of Plaintiff and awarded the relief sought in the November Complaint. Similar to the claims above, Plaintiff does not dispute that exhaustion is required. Instead, she contends that she exhausted her second set of Rehab Act and ADA claims "by successfully litigating a Due Process matter against the District." (ECF No. 14-1 at 6.) To the extent the Court finds that Plaintiff did not exhaust her Rehab Act and ADA claims, Plaintiff contends that any such exhaustion of those claims would be futile. (*Id.* at 10-11.) In its Motion to Dismiss, the District argues that Plaintiff failed to exhaust her discrimination and retaliation claims under the Rehab Act and the ADA. The District also acknowledges that "[i]t is unclear" whether Plaintiff asserted her claims alleging a denial of FAPE

under just the IDEA or under both the IDEA and the Rehab Act when she filed her due process complaint against the District. (ECF No. 17 at 2.)

Upon review of the parties' submissions, the Court finds that—at this stage of the case—the record is not clear as to whether Plaintiff exhausted her Rehab Act and ADA claims when she litigated the November Complaint against the District in a due process hearing. The Court agrees with Plaintiff that a disposition of the exhaustion issue based on the undeveloped record would be premature. Thus, the Court will deny the District's motion on this issue without prejudice, so that the District may raise the issue again in a summary judgment motion, once there is a full record before the Court.

Likewise, because the Court is unable to determine whether Plaintiff exhausted her Rehab Act and ADA claims—and therefore, whether the Court has jurisdiction over those claims—the District's arguments regarding the sufficiency of Plaintiff's Rehab Act claims, Plaintiff's request for attorneys' fees under the ADA, Plaintiff's requests for expert fees under the Rehab Act and the ADA, and her claims for compensatory damages under the Rehab Act and the ADA, are also premature. Thus, the Court will deny the District's motion with respect to these arguments. The District can raise them again after discovery, if it is appropriate to do so.

**B.** **Attorneys' Fees**

In her Complaint, Plaintiff alleges that she prevailed before the hearing officer and claims an entitlement to "attorneys fees and costs" based on her status as a prevailing party. (ECF No. 1 ¶ 29.) In its Motion, the District "acknowledges that Plaintiff prevailed" but asks the Court to dismiss Plaintiff's claim because she "failed to allege the amount of her attorneys' fees or any facts to support the reasonableness of the fees claimed." (ECF No. 10-1 at 15.) Although the parties clash on this issue, neither cites the relevant rule and case law to the Court.

Federal Rule of Civil Procedure 9(g) provides that if "an item of special damage is claimed, it must be specifically stated." Fed. R. Civ. P. 9(g). The purpose of Rule 9, including Rule 9(g), is to ensure that a defendant has notice of the relief that the plaintiff seeks. *Lyzer v. Caruso Produce, Inc.*, Case No. 17-cv-1335, 2018 WL 988109, at *4 (D. Or. 2018), *report and recommendation adopted*, 2018 WL 988070 (D. Or. 2018); *see also Route Triple Seven Ltd. P'ship v. Total Hockey, Inc.*, 127 F. Supp.3d 607, 614 (E.D. Va. 2015). The rule does not require a party to set out the amount of the claimed special damages in the body of the pleading. *See In re NJ Affordable Homes Corp.*, No. 05-60442, 2013 WL 6048836, at *54 (Bankr. D.N.J. Nov. 8, 2013); *see also* 4 Charles Alan Wright *et al.* Federal Practice and Procedure § 1310. Here, Plaintiff's Complaint puts the District on notice of the claim against it for attorneys' fees. The District can explore the amount and reasonableness of those fees in discovery.

### C.      **Punitive Damages**

Plaintiff has withdrawn her claims for punitive damages under the ADA and the Rehab Act in Counts II and III of the Complaint (ECF No. 12 ¶ 1.) The District's arguments on that issue are therefore moot.

### IV.     **CONCLUSION**

The Court will grant the District's Motion to Dismiss with respect to Plaintiff's Rehab Act and ADA claims based on conduct alleged in the January Complaint, as Plaintiff failed to exhaust those claims. The Court denies the remainder of the District's motion, as the District's arguments are either premature or moot. An appropriate Order follows.

Date: October 21, 2019                    **BY THE COURT:**

                                          */s/ Joshua D. Wolson*
                                          JOSHUA D. WOLSON, J.